United States District Court
Southern District of Texas
**ENTERED**
October 22, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Charles Ray Craddock, § | |
|     Petitioner, § | |
| § | |
| v. § | Civil Action H-20-3034 |
| § | |
| Bobby Lumpkin, § | |
| Director, Texas Department § | |
| of Criminal Justice, Correctional § | |
| Institutions Division, § | |
|     Respondent. § | |

# Report and Recommendation

Charles Ray Craddock filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court felony conviction for murder and three counts of aggravated assault. (D.E. 10.) Respondent Bobby Lumpkin filed a motion for summary judgment. (D.E. 30.) The court recommends that Lumpkin's motion for summary judgment be granted and that Craddock's petition be dismissed with prejudice as time-barred and for lack of subject matter jurisdiction.

## 1. Background

On August 17, 1990, a jury in the 277nd District Court of Brazos County, Texas, found Craddock guilty of murder (D.E. 28-21 at 1–4) and three counts of aggravated assault. (D.E. 17-1 at 80–88.) Craddock was sentenced to forty-five years for the murder conviction, to be served concurrently with two fifteen-year terms and one ten-year term for the three aggravated assault counts. *Id.*

On September 10, 1992, the First Court of Appeals of Texas affirmed Craddock's convictions. (D.E. 28-1.) Craddock did not file a petition for discretionary review with the Texas Court of Criminal Appeals (TCCA). (D.E. 30-1 at 2.) On December 2, 1993, Craddock filed a state habeas petition challenging his convictions. (D.E. 17-19 at

12.) On June 21, 1995, the TCCA denied the application without written order. *Id.* at 2. On July 28, 2002, Craddock filed a second state habeas petition challenging only his murder conviction. (D.E. 17-22 at 13.) On October 30, 2002, the TCCA dismissed the application for abuse of the writ. *Id.* at 2. On October 9, 2006, Craddock filed a third state habeas petition again challenging his murder conviction. (D.E. 17-25 at 13.) On December 6, 2006, the TCCA dismissed the application again for abuse of the writ. *Id.* at 2.

Craddock filed his amended federal petition for writ of habeas corpus on November 14, 2020. (D.E. 10.) Craddock asserts the following grounds for relief: (1) his indictments are faulty because he was reindicted using the same cause numbers (18,841-272 and 18,844-272) as his original indictment; (2) the prosecution improperly suggested to the jury during closing arguments "that a good sentence for [Craddock] would be between thirty-five and fifty-five years;" and (3) ineffective assistance of counsel. *Id.*

## 2. *Statute of Limitations under 28 U.S.C. § 2244*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) sets a one-year limitations period for federal habeas petitions. *See* 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

Craddock falls under subsection (d)(1)(A), so the limitations period began when the time to seek direct review expired. Because Craddock's judgment was affirmed by the First Court of Appeal on September 10, 1992, his conviction became final on October 10, 1992, when the period to timely file a petition for discretionary review expired. Absent tolling, the limitations period expired one year later, on October 10, 1993. However, because his conviction became final several years before the enactment of AEDPA, Craddock had one year from AEDPA's April 24, 1996 enactment to file his federal petition. That is, he had until April 24, 1997. *See Flanagan v. Johnson*, 154 F.3d 196, 198, 202 (5th Cir. 1998). Because Craddock did not file his federal habeas petition until twenty-three years later, it is untimely.

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending does not count toward the one-year limitations period. "[A] state habeas petition is 'pending' for the purposes of tolling under § 2244(d)(2) on the day it is filed through (and including) the day it is decided." *Windland v. Quarterman*, 578 F.3d 314, 315 (5th Cir. 2009). Craddock's state habeas application is deemed filed on the date he mailed it. *See Richards v. Thaler*, 710 F.3d 573, 578 (5th Cir. 2013). Craddock's first habeas petition, filed December 2, 1993, was denied on June 1, 1995. Because the pendency of the state habeas petition occurred prior to AEDPA's enactment, it is not relevant for tolling purposes. *See Townsend v. Dretke*, No. C.A. C-05-304, 2006 WL 1050662, at *3 (S.D. Tex. Apr. 20, 2006), *report and recommendation adopted*, No. C.A. C-05-304, 2006 WL 2252553 (S.D. Tex. Aug. 3, 2006) (citing *Flanagan,* 154 F.3d at 198 n.

3

2) ("[P]etitioner's first state habeas petition, filed before AEDPA was passed, [did not] serve to toll the statute of limitations because prior to AEDPA, there was no specific period of limitation governing federal habeas corpus petitions."). Craddock's second and third state habeas petition did not statutorily toll the limitations period because they were filed years after the limitations period had expired. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). His petitions were also dismissed for abuse of the writ, so they were not properly filed within the meaning of § 2244(d)(2).

### 3. *Equitable Tolling*

The court may allow an untimely case to proceed if the facts present "sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Exceptional circumstances may include a situation where the petitioner was "actively misled" by the respondent "about the cause of action or [was] prevented in some extraordinary way from asserting his rights." *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogration on other grounds recognized by Richards v. Thaler*, 710 F.3d 573, 578–79 (5th Cir. 2013)). To warrant tolling, a petitioner must also demonstrate that he diligently pursued his rights despite the extraordinary circumstances that stood in his way. *Id.* A petitioner bears the burden to show that equitable tolling should apply. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (*modified on partial rehearing by* 223 F.3d 797 (5th Cir. 2000)).

There is no evidence to suggest that equitable tolling should apply. In what the court construes as a response to Lumpkin's motion for summary judgment, Craddock indicates he waited until twenty-three years to file his federal habeas petition because he was unaware of the option to pursue federal habeas relief until he spoke with an attorney. (D.E. 32 at 8.) Craddock's unfamiliarity with the federal habeas process does not merit equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Likewise, Craddock's

ignorance of the law is insufficient to invoke equitable tolling. *Alexander v. Cockrell,* 294 F.3d 626, 629 (5th Cir.2002).

### 4. This court is without jurisdiction to review Craddock's discharged aggravated assault convictions

Before the filing of his federal habeas petition, Craddock had been discharged from the sentences imposed for aggravated assault. (See D.E. 30-2 at 2–3.) A person must be "in custody" for the court to exercise jurisdiction under AEDPA. *See* 28 U.S.C. §§ 2241(c)(3), 2254(a). Because Craddock was fully discharged from his sentences on the aggravated assault convictions, the court lacks jurisdiction to consider his claims based on those convictions. *See Romero v. Davis,* 813 F. App'x 930, 932 (5th Cir. 2020) (declining to review on appeal a petitioner's fifteen-month sentence that was discharged prior to filing a habeas petition).

### 5. Conclusion

The court recommends that Lumpkin's motion for summary judgment be granted and that Craddock's petition for writ of habeas corpus be dismissed with prejudice as time-barred and for lack of subject matter jurisdiction. All other motions are denied.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn,* 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on October 21, 2021.

*[signature]*

Peter Bray
United States Magistrate Judge