United States District Court
Southern District of Texas

**ENTERED**

June 06, 2022

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Charles Ray Craddock, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | Civil Action H-20-3034 |
| Bobby Lumpkin, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## Report and Recommendation

On October 22, 2021, the undersigned recommended that Charles Ray Craddock's petition for a writ of habeas corpus be dismissed with prejudice because his claims with respect to his murder conviction were time-barred and the court lacked subject matter jurisdiction over his claims relating to his aggravated assault convictions. ECF No. 36. Craddock filed objections. ECF No. 37. The district judge overruled the objections and adopted the court's Report and Recommendation. ECF No. 39. Final judgment was entered on November 22, 2021. ECF No. 40. Craddock did not appeal.

Craddock has now filed a document titled "Petitioner's Motion for Rehearing and Stay and Abeyance." ECF No. 41. He also filed two letters, ECF Nos. 43, 44, in which he attempts to clarify the basis for his motion. Craddock does not argue that the court's procedural disposition of the case was in error. Instead, he argues that his habeas claims have never been litigated in state court. *Id.* at 3. He explains that he has now filed a habeas petition in state court. *Id.* It appears that he wants to litigate those claims in state court and then return to this court to litigate the substance of those claims after they have been

fully exhausted. It appears to the court that Craddock's motion is actually a successive habeas petition.

In *Jackson v. Lumpkin*, 25 F.4th 339, 340 (5th Cir. 2022), the court considered what purported to be a Rule 60(b) motion and queried, "[h]ow are courts to decide whether a Rule 60(b) motion presents a habeas 'claim'?" The court, relying on *Gonzalez v. Crosby*, 545 U.S. 524 (2005), concluded that motions seeking to add a new ground for relief or attacking the federal court's previous resolution of a claim on the merits would clearly be successive petitions disguised as Rule 60(b) motions. *Jackson*, 25 F.4th at 340. However, the petitioner may bring as a Rule 60(b) motion an attack on the federal court's previous ruling that precluded a determination on the merits, such as a finding that the statute of limitations barred the claims. *Id.* at 341. Here, Craddock seeks to continue litigating the very same claims he brought in his original petition. He does not attack the court's procedural resolution of his claims. The motion is a successive petition.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the circuit court of appeals, district courts lack jurisdiction to entertain successive petitions. *Burton v. Stewart*, 549 U.S. 147, 153 (2007). Because Craddock did not obtain permission to file the motion now before the court, this court lacks jurisdiction. *See United States v. Key*, 205 F.3d 773, 775 (5th Cir. 2000) (cited in *Seymore v. Davis*, Civ. No. H-18-1030, 2018 WL 1697126, at *1 (S.D. Tex. Apr. 5, 2018)).

A district court may transfer a successive habeas petition to the circuit court for review under 28 U.S.C. § 2244(b)(2) if doing so would serve the interest of justice. *See* 28 U.S.C. § 1631; *see also In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). The court recommends that Craddock's motion, ECF No. 41, be transferred to the Fifth Circuit

Court of Appeals where he can seek an order authorizing this court to consider it.

The parties have 14 days from service of this Report and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72; *see also Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on June 6, 2022.

Peter Bray
United States Magistrate Judge